**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bradley Harold BOETTCHER,**
**Defendant–Appellant.**

No. 02–1350.

United States Court of Appeals,
Sixth Circuit.

March 25, 2004.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.

Bradley Harold Boettcher challenges on direct appeal his conviction and sentence for drug-related offenses, alleging that he was denied his Sixth Amendment right to effective assistance of trial counsel. Specifically, Boettcher claims that his trial

---

counsel performed ineffectively by: (1) stipulating to the weight of the marijuana at issue; (2) failing to challenge government witness testimony relating to the marijuana weight; and (3) misjudging whether the court would consider a challenge to the marijuana weight at sentencing.

Generally, this court does not review an ineffective assistance of counsel claim on direct appeal. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir.2002); *see also Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003) (explaining that when a court examines such a claim on direct appeal, "appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose"). This court will consider such a claim on direct appeal only when the record is sufficient to assess the merits of the defendant's allegations. *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir.1999). A defendant pursues an ineffective assistance of counsel claim more properly in a post-conviction proceeding under 28 U.S.C. § 2255, which permits the parties to develop a record specific to the claim. *Crowe*, 291 F.3d at 886; *see also Massaro*, 538 U.S. at 503, 123 S.Ct. at 1694 (describing the district court as "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial").

Because we find the record before us inadequate to assess the merits of Boettcher's ineffective assistance of counsel claim, we decline to address this claim on direct appeal. And, Boettcher having presented no other grounds for this appeal, we affirm the district court's judgment.